**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**REGINALD PRINGLEY,**

    **Plaintiff,**

**v.**                                        **Case No: 8:10-CV-2030-T-30EAJ**

**KAYDELL WRIGHT-DOUGLAS,**

    **Defendant.**

_____/

**REPORT AND RECOMMENDATION**

Before the court is Plaintiff's **Affidavit of Indigency** (Dkt. 2), which the court construes as a motion for leave to proceed in forma pauperis.

The in forma pauperis statute, 28 U.S.C. § 1915 (hereinafter "§ 1915"), permits the court to authorize the "commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" by an indigent person. The court must first determine the economic status of the litigant, but § 1915 permits the court to dismiss the complaint if it is frivolous, malicious, fails to state a claim, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see Martinez v. Kristi Cleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004) (citation omitted).  Dismissal is also appropriate if review of the complaint reveals a lack of subject matter jurisdiction. See, e.g., Figueroa v. Poinciana Ass'n, No. 6:08-cv-830-Orl-19KRS, 2008 WL 3889623, at *1 (M.D. Fla. Aug. 20, 2008).

Plaintiff's complaint alleges that he paid Defendant, an attorney, $100 for a consultation but Defendant refused to take his case after spending only five minutes with Plaintiff and without

reading Plaintiff's paperwork.  Contending that Defendant took advantage of him to pay her bills,

Plaintiff demands the return of his money and disciplinary action against Defendant.

Plaintiff's complaint fails to state a basis for this court's jurisdiction and no basis is readily

apparent.  Although this court has jurisdiction of civil actions where the amount in controversy

exceeds $75,000 and there is diversity of citizenship between the parties, 28 U.S.C. § 1332(a),

Plaintiff's claim for $100 does not satisfy the amount-in-controversy requirement and he does not

allege diversity of citizenship with Defendant.  Moreover, Plaintiff's allegations do not invoke this

court's federal question jurisdiction.  See 28 U.S.C. § 1331.  Consequently, dismissal of Plaintiff's

claim is warranted.

Accordingly, and upon consideration, it is **RECOMMENDED** that:

(1)     Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Dkt. 2) be **DENIED**

        **WITHOUT PREJUDICE**;

(2)     Plaintiff be granted an opportunity to file an amended complaint; and

(3)     Plaintiff's failure to timely file an amended complaint result in dismissal of this

        matter for lack of subject matter jurisdiction and/or failure to state a claim.  See also

        Local Rule 3.10(a), M.D. Fla.

ELIZABETH A JENKINS
United States Magistrate Judge

**Date: September 16, 2010**

2

**<u>NOTICE TO PARTIES</u>**

Failure to file written objections to the proposed findings and recommendations contained in this

report within fourteen (14) days from the date of its service shall bar an aggrieved party from

attacking the factual findings on appeal.  28 U.S.C. § 636(b)(1).


Copies to:
Pro se Plaintiff
District Court Judge